**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Glenn Wiley, et al.,

Plaintiffs,

v.

Deborah Partiz, et al.,

Defendants.

No. CV-25-00704-TUC-RM (BGM)

**ORDER**

Plaintiffs Glenn Wiley and Grant Verlin, proceeding pro se, assert claims under 42 U.S.C. § 1983 and the Arizona Residential Landlord Tenant Act ("ARLTA") against Defendants City of Tucson, James Davis, and Deborah Partiz. (Doc. 19; Doc. 19-1.) Defendants filed Motions to Dismiss. (Docs. 20, 23.) Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R"), recommending that the City of Tucson's Motion to Dismiss be granted, and the Motions to Dismiss filed by Davis and Partiz be denied. (Doc. 30.)[1] Defendant Partiz filed an Objection (Doc. 31), to which Plaintiffs did not respond.

## I. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the

[1] After issuance of the R&R, the case was referred to Magistrate Judge Lori L. Price, due to the retirement of Magistrate Judge Macdonald. (Doc. 32.)

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint, or any claim within it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Although pro se pleadings are liberally construed, conclusory and vague allegations

will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d at 268.

In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## II. Background

In the operative First Amended Complaint ("FAC"), Plaintiffs assert a 42 U.S.C. § 1983 claim against Davis alleging unlawful seizure in violation of the Fourth Amendment; a § 1983 claim for municipal liability against the City of Tucson; and a state-law claim for violation of the ARLTA against Partiz. (Doc. 19-1 at 1-2.) In support of these claims, Plaintiffs allege that on October 16, 2024, Partiz claimed that Plaintiff[2] was not allowed to remain in a residence located at East Mary Stephey Place, and she requested police assistance to remove Plaintiff from the property, even though she did not have a court eviction order. (*Id.*) Tucson Police Department Officer Davis ordered Plaintiff to leave the home under threat of arrest, even though Davis did not have a warrant or a court order. (*Id.* at 1.) Plaintiffs allege that the City of Tucson is responsible for the policies, practices, supervision, and training of its police officers. (*Id.* at 2.)

The R&R finds that the FAC states a § 1983 unlawful seizure claim against Davis but fails to state a § 1983 municipal liability claim against the City of Tucson. (Doc. 30 at 5-6, 8-11.) The R&R finds that the FAC states a claim against Partiz under the ARLTA, as well as a § 1983 unlawful seizure claim against Partiz under a joint action theory of liability. (*Id.* at 7-8, 11-13.) The R&R also recommends that the Court deny as moot the City of Tucson's Motion to Dismiss Plaintiffs' original Complaint given the filing of Plaintiffs' FAC, and that the Court deny Plaintiffs' request to hold the Motions to Dismiss

[2] Glenn Wiley and Grant Verlin are both named as Plaintiffs, but the FAC refers to "Plaintiff" in the singular. It is unclear whether the references to "Plaintiff" refer to Wiley, Verlin, or both.

in abeyance until Plaintiffs obtain legal counsel. (*Id.* at 4-5, 13-14.)

## III. Discussion

The Court finds no clear error in the unobjected-to portions of the R&R and will adopt them. Accordingly, the Court will deny as moot the City of Tucson's Motion to Dismiss Plaintiffs' original Complaint (Doc. 9), grant the City of Tucson's Motion to Dismiss Plaintiffs' FAC (Doc. 23), and deny Davis's Motion to Dismiss the FAC (Doc. 23). The Court will dismiss the 42 U.S.C. § 1983 municipal liability claim against the City of Tucson without prejudice, as Plaintiffs may be able to state a municipal liability claim by pleading additional facts in an amended complaint.

In her Objection, Partiz argues that the R&R improperly recognizes a § 1983 claim against her that Plaintiffs did not plead; that the R&R errs in concluding that Plaintiffs adequately pleaded a claim under the ARLTA; and that the R&R improperly relaxes the pleading standards of Federal Rule of Civil Procedure 8. (Doc. 31.) Partiz argues that any purported § 1983 claim against her should be dismissed with prejudice. (*Id.* at 3.)

The Court agrees with Partiz that the R&R improperly recognizes a § 1983 claim against Partiz that Plaintiffs did not assert in the FAC. The Court rejects the portion of the R&R that recognizes such a claim. Because the FAC does not allege a § 1983 claim against Partiz, the Court finds that there is no need to dismiss any such claim.

The Court also disagrees with the R&R's conclusion that the FAC states a claim on which relief can be granted under the ARLTA. The ARLTA provides that if a landlord unlawfully removes or excludes a tenant from the premises, the tenant may recover "an amount not more than two months' periodic rent or twice the actual damages sustained by him, whichever is greater." A.R.S. § 33-1367. The ARLTA defines the term "landlord" as "the owner, lessor or sublessor of the dwelling unit" and defines the term "tenant" as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others." A.R.S. § 33-1310(7), (17). A rental agreement is an agreement "embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises." *Id.* § 33-1310(13).

Here, Plaintiffs do not allege they were tenants as defined by the ARLTA, nor do they allege that Partiz was their landlord. Because the FAC does not plead any facts establishing the existence of a landlord-tenant relationship, Plaintiffs have not shown that the ARLTA applies. Accordingly, the Court finds that the ARLTA claim against Partiz should be dismissed. Because Plaintiffs may be able to allege facts in an amended complaint that state a claim under the ARLTA, the Court will dismiss the claim without prejudice.

**IT IS ORDERED**:

1. Magistrate Judge Macdonald's Report and Recommendation (Doc. 30) is **partially adopted and partially rejected**, as set forth above.
2. Defendant Deborah Partiz's Objection (Doc. 31) is **granted**.
3. Defendant City of Tucson's Motion to Dismiss the original Complaint (Doc. 9) is **denied as moot**.
4. Defendants City of Tucson and James Davis's Motion to Dismiss the First Amended Complaint (Doc. 23) is **partially granted and partially denied**. The City of Tucson and Count Two of the First Amended Complaint are **dismissed without prejudice**.
5. Defendant Partiz's Motion to Dismiss (Doc. 20) is **granted**. Defendant Partiz and Count 3 of the First Amended Complaint are **dismissed without prejudice**.
6. Plaintiffs' Motion to Request Time Before Determination (Doc. 27) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

7. The remaining claim in this action is Count 1 of the First Amended Complaint asserting a 42 U.S.C. § 1983 unlawful seizure claim against Defendant James Davis. This action remains referred to Magistrate Judge Lori L. Price for all pretrial proceedings and report and recommendation.

Dated this 14th day of August, 2026.

Honorable Rosemary Márquez
United States District Judge